UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Daniel E. Power, III,

        Plaintiff,

vs.                                   Case No. 3:09-cv-594-J-20HTS

Herbert L. Williams, et al.,

        Defendants.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on the parties' Joint Motion to Stay Discovery (Doc. 22) filed January 25, 2010. The parties request an Order staying discovery pending the resolution of Defendant's Motion to Dismiss (Doc. 10).

It is undisputed that the Private Securities Litigation Reform Act of 1995 ("PSLRA") stays all discovery relating to Count I of the Complaint, which asserts a claim under the federal securities law.[1] However, the parties are not in agreement as to whether the PSLRA also stays discovery on Counts II (breach of contract) and III (common law fraud) of the Complaint. Nevertheless, the parties do agree, and the Court concurs, that a stay in discovery is appropriate to avoid unnecessary costs on the litigants and the courts where, as here, those costs would be compounded if the parties

---

[1] The PSLRA provides, in relevant part: "In any private action arising under this title, *all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss,* unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 USCS § 78u-4(b)(3)(B) (emphasis added).

-1-

were to engage in discovery on the state law claims now and then engage in discovery on the securities fraud claims later.[2]

Moreover, courts in this circuit have granted such motions to stay where the "resolution on the pending motion to dismiss may extinguish some or all of the claims ... potentially restricting the scope of discovery significantly." United States v. Real Prop., 2009 U.S. Dist. LEXIS 53997, 2009 WL 1834149, at *1-2 (S.D. Ga. June 25, 2009); White v. Georgia, 2007 U.S. Dist. LEXIS 79290, 2007 WL 3170105, at *2 (N.D. Ga. Oct. 25, 2007). Therefore, the Court finds the issuance of a stay in the instant case is appropriate pursuant to both Rule 26 of the Federal Rules of Civil Procedure and its inherent authority to manage cases pending before it. See Fed. R. Civ. P. 26(b)(1) (recognizing that the scope of discovery may be "limited by court order"); Clinton v. Jones, 520 U.S. 681, 706, 117 S. Ct. 1636, 137 L. Ed. 2d 945 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.").

Accordingly, after due consideration, it is

---

[2] "Discovery imposes several costs on the litigant from whom discovery is sought. These burdens include the time spent searching for and compiling relevant documents; the time, expense, and aggravation of preparing for and attending depositions; the costs of copying and shipping documents; and the attorneys' fees generated in interpreting discovery requests, drafting responses to interrogatories and coordinating responses to production requests, advising the client as to which documents should be disclosed and which ones withheld, and determining whether certain information is privileged. The party seeking discovery also bears costs, including attorneys' fees generated in drafting discovery requests and reviewing the opponent's objections and responses. Both parties incur costs related to the delay discovery imposes on reaching the merits of the case. Finally, discovery imposes burdens on the judicial system; scarce judicial resources must be diverted from other cases to resolve discovery disputes." Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1368 (11th Cir. 1997).

**ORDERED:**

The parties' Joint Motion to Stay Discovery (Doc. 22) is **GRANTED.** Should the Court deny all or part of Defendant's Motion to Dismiss, the parties shall submit a proposed scheduling order within ten (10) days of the Court's entry of the order denying Defendant's Motion.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this 5th day of February, 2010.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party